UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ILLINOIS UNION INSURANCE COMPANY
a foreign corporation,

    Plaintiff,

v.

CASE NO:

SOUTHERN PAN SERVICES COMPANY,
a foreign corporation,

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

ILLINOIS UNION INSURANCE COMPANY ("Illinois Union") files suit against SOUTHERN PAN SERVICES COMPANY ("Southern Pan") and in support alleges:

### NATURE OF ACTION

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 to determine an actual controversy between the parties regarding coverage under an insurance policy.

### JURISDICTION AND VENUE

2. Jurisdiction lies with this Court pursuant to 28 U.S.C. § 1332 because there is diversity and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim occurred in this district.

4. All conditions precedent have occurred, been performed, or have been waived.

### THE PARTIES

5. Plaintiff Illinois Union is an insurance company incorporated in Illinois with its principal place of business in Illinois. For purposes of this lawsuit, Illinois Union is a surplus

lines insurance company pursuant to Fla. Stat. §§ 626.913-626.937 that issued a commercial general liability insurance policy to Southern Pan.

6. Defendant Southern Pan is a corporation incorporated in Georgia with its principal place of business in Georgia. Southern Pan is the named insured under the Illinois Union policy and seeks coverage for damages arising out of the collapse of a parking structure in Jacksonville, Florida.

## COMMON ALLEGATIONS

7. *THE PROJECT.* In 2006, Berkman Plaza 2, LLC ("Berkman") acquired the rights to construct a multi-story parking structure at 500 East Bay Street in Jacksonville, Florida (the "project"). The project was part of a large condominium tower known as Berkman Plaza 2.

8. As the owner and developer of the project, Berkman implemented a "wrap-up" General Liability and Excess Liability Insurance Program for the construction of the project. As part of the "wrap-up" Program, Berkman procured an Owner Controlled Insurance Policy ("OCIP") through Illinois Union. Under an OCIP, which is often referred to as a "wrap-up" insurance policy, any contractor or sub-contractor that is enrolled in the program by the owner is entitled to the benefits of the OCIP as a named insured.

9. Southern Pan was hired as a subcontractor on the project. More specifically, Southern Pan was responsible for the formwork and shoring, as well as all vertical concrete (*e.g.*, columns and shear walls). A copy of the subcontract is attached as Exhibit "A."

10. On December 6, 2007, during construction, the five-story parking structure collapsed. The structure itself was damaged, one construction employee was killed, and twenty-four other workers were injured.

11. **PROJECT LAWSUIT.** Berkman, as the project's owner, filed suit against Southern Pan and several other subcontractors in the Fourth Judicial Circuit in Duval County, Florida, Case Number 16-2009-CA-000562 (the "project lawsuit"), for damage to the structure. A copy of the amended complaint against Southern Pan is attached as Exhibit "B."

12. In the project lawsuit, Count I is against Southern Pan for negligence. Berkman alleges that Southern Pan is responsible for the collapse. As damages, Berkman seeks the costs to repair and/or replace the damage to the project, the cost to correct the defects and deficiencies in Southern Pan's work, the costs of consultants to provide remedial recommendations, and increased financing costs.

13. Count II is against Southern Pan for gross negligence. Again, Berkman seeks as damages the costs to repair and/or replace the damage to the project, the cost to correct the defects and deficiencies in Southern Pan's work, the costs of consultants to provide remedial recommendations, and increased financing costs.

14. On January 30, 2009, Southern Pan tendered the project lawsuit to Illinois Union for a defense and, potentially, indemnity under the OCIP that had been purchased by Berkman. A copy of the tender from Southern Pan is attached as Exhibit "C."

15. Illinois Union agreed to defend Southern Pan under the OCIP, subject to a complete reservation of rights. A copy of the February 13, 2009 reservation of rights letter from Illinois Union is attached as Exhibit "D."

16. **ARBITRATION ACTION.** Choate Construction Company ("Choate"), the general contractor on the project, initiated an arbitration against Berkman in a matter styled: *In the Matter of Arbitration Between Choate Construction and Berkman Plaza 2, LLC*, File Number 30 110 Y 00563 08 (the "arbitration action").

17. Berkman counterclaimed against Choate in the arbitration action. Berkman alleged that Choate breached the construction contract and that it fraudulently filed a lien. The counterclaim asserts claims for punitive damages, slander of title, and breach of the payment and performance bonds. A copy of Berkman's answer and counterclaims is attached as Exhibit "E."

18. In turn, Choate made a third-party demand against Southern Pan for indemnity for any of its liability to Berkman. A copy of Choate's claim against Southern Pan is attached as Exhibit "F."

19. On June 29, 2009, Southern Pan tendered the arbitration action to Illinois Union under the OCIP. A copy of the letter is attached as Exhibit "G."

20. **OCIP ("WRAP-UP") POLICY.** For the project, Illinois Union issued an OCIP to Berkman as the first Named Insured, under Policy No. G22047644 001, effective during the period of July 24, 2006 through May 1, 2009. A complete copy of the OCIP is attached as Exhibit "H."

21. In pertinent part, the OCIP includes an endorsement titled, "LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT," Form CG 21 44 07 98, which limits coverage under the policy to the project.

22. In another endorsement, Form GLE0034 (01-99), the named insured was amended to include all parties that were enrolled in the OCIP program. It provides:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**NAMED INSURED – AMENDED**

Item One of the Declarations, Named Insured, is completed to read as follows:

Berkman Plaza 2, LLC
Harbor Contracting Company
Choate Construction Company and all contractors and subcontractors of every tier that are enrolled in the Owner-or Contractor Controlled Insurance Program

insured hereunder, provided such enrollment took place prior to any "occurrence" or offense for which Coverage is sought under this policy.
Choate Construction Company

23. Southern Pan was enrolled in the OCIP at the time of the collapse. A copy of the form listing all of the enrollees is attached as Exhibit "I."

24. ***ILLINOIS UNION CGL POLICY.*** Unlike the project specific OCIP, Southern Pan purchased a general liability insurance policy from Illinois Union.

25. Effective during the period of January 1, 2007 through January 1, 2008 and bearing Policy Number No. G22052147, the commercial general liability policy was issued by Illinois Union to Southern Pan as the Named Insured (the "CGL Policy"). A copy of the CGL Policy is attached as Exhibit "J."

26. The CGL Policy principally consists of a commercial general liability coverage form, Form CG 00 01 10 01, which includes the following insuring agreement and exclusions:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

2. **Exclusions**

This insurance does not apply to:

b. **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

   (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

   (b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged. . . . .

**j.    Damage To Property**

"Property damage" to: . . .

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

27.   Included in the CGL policy is an endorsement titled, "EXCLUSION-DESIGNATED OPERATIONS COVERED BY A CONSOLIDATED (WRAP-UP) INSURANCE PROGRAM," Form CG 21 54 01 96, which excludes coverage for claims involving a project where Southern Pan is participating in an OCIP or wrap-up program. In pertinent part, the endorsement provides:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – DESIGNATED OPERATIONS COVERED BY A
CONSOLIDATED (WRAP-UP) INSURANCE PROGRAM**

14467795v1  908623  49210

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

**Description of Operations:**

Any prior ongoing operation(s) where you participated in a consolidated (wrap-up) insurance program.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The following exclusion is added to Paragraph 2., Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I – Coverages):

This insurance does not apply to "bodily injury" or "property damage" arising out of either your ongoing operations or operations included within the "products-completed operations hazard" at the location described in the Schedule of this endorsement, as a consolidated (wrap-up) insurance program has been provided by the prime contractor/project manager or owner of the construction project in which you are involved.

This exclusion applies whether or not the consolidated (wrap-up) insurance program:

    (1)    Provides coverage identical to that provided by this Coverage Part;

    (2)    Has limits adequate to cover all claims; or

    (3)    Remains in effect.

28.    Also included in the CGL Policy, Form CG 224307 98, is the following professional services exclusion:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**EXCLUSION – ENGINEERS, ARCHITECTS OR SURVEYORS PROFESSIONAL LIABILITY.**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2., Exclusions of Section I – Coverage B – Personal and Advertising Injury Liability**:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by you or performing work on your behalf is such capacity.

Professional services include:

1. The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; and

2. Supervisory, inspection, architectural or engineering activities.

29. Southern Pan has tendered the project lawsuit and the arbitration action to Illinois Union for coverage under the CGL Policy.

30. ***DECLARATORY RELIEF***. Illinois Union seeks a declaration that it has no duty to defend or indemnify Southern Pan under the CGL Policy because, among other reasons, Southern Pan is an enrolled participant in the OCIP (wrap-up) policy that Berkman purchased for the project.

## COUNT I – NO COVERAGE UNDER THE CONSOLIDATED (WRAP-UP) EXCLUSION

31. Illinois Union incorporates Paragraphs 1 through 30.

32. Under the Illinois Union policy's endorsement, "EXCLUSION – DESIGNATED OPERATIONS COVERED BY A CONSOLIDATED (WRAP-UP) INSURANCE PROGRAM," coverage is excluded for damages or injuries arising out of ongoing operations where Southern Pan participated in a consolidated (wrap-up) insurance program.

33. Southern Pan is enrolled in the OCIP (wrap-up) policy provided by Berkman as

the owner of the project.

34. Southern Pan is accordingly not entitled to coverage under the Illinois Union CGL policy for any claims arising out of the December 6, 2007 collapse.

**WHEREFORE**, Illinois Union respectfully requests this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the CGL Policy;

b. Find and declare that Illinois has no duty to defend or indemnify Southern Pan under the CGL Policy; and

c. Award Illinois Union all costs to prosecute this action, as well as any other relief that is equitable, just, and proper under the circumstances.

### COUNT II – NO COVERAGE TO THE EXTENT PLAINTIFFS DO NOT SEEK PROPERTY DAMAGE

36. Illinois Union incorporates Paragraphs 1 through 30.

37. In the project lawsuit and the arbitration action, the claims against Southern Pan seek damages for repairing and correcting Southern Pan's defective work on the project, as well as pure economic damages.

38. Under the insuring agreement in the CGL Policy, there is coverage for only "property damage" or "bodily injury" caused by an "occurrence."

39. Illinois Union accordingly has no duty to defend or indemnify Southern Pan to the extent that the insuring agreement is not satisfied.

**WHEREFORE**, Illinois Union respectfully requests this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the CGL Policy;

b. Find and declare that Illinois has no duty to defend or indemnify Southern Pan under the CGL Policy; and

c. Award Illinois Union all costs to prosecute this action, as well as any other relief that is equitable, just, and proper under the circumstances.

14467795v1 908623 49210

## COUNT III – NO COVERAGE DUE TO EXCLUSION J

40. Illinois Union incorporates Paragraphs 1 through 30.

41. In the project lawsuit and the arbitration action, the claims against Southern Pan seek damages for repairing and correcting Southern Pan's defective work on the project, as well as pure economic damages.

42. Under Exclusion j., there is no coverage for property damage to that particular part of property that must be restored, repaired or replaced because Southern Pan's work was improperly performed.

43. Illinois Union accordingly has no duty to defend or indemnify Southern Pan to the extent that the project lawsuit and the arbitration action seek damages for that particular part of the property that constitutes Southern Pan's work or that part of the property that must be restored, repaired or replaced because Southern Pan's work was improperly performed.

**WHEREFORE**, Illinois Union respectfully requests this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the CGL Policy;

b. Find and declare that Illinois has no duty to defend or indemnify Southern Pan under the CGL Policy; and

c. Award Illinois Union all costs to prosecute this action, as well as any other relief that is equitable, just, and proper under the circumstances.

## COUNT IV – NO COVERAGE TO THE EXTENT THE CONTRACTUAL LIABILITY EXCLUSION APPLIES

44. Illinois Union incorporates Paragraphs 1 through 30.

45. In the project lawsuit and the arbitration action, the plaintiffs seek damages arising out of the subcontract between Choate and Southern Pan or sub-tier contracts between Southern Pan and other parties to the construction.

46. Under Exclusion b., there is no coverage for property damage for which Southern

Pan is obligated to pay by reason of the assumption of liability in a contract or agreement.

47. Illinois Union accordingly has no duty to defend or indemnify Southern Pan to the extent that the plaintiffs seek damages by reason of the assumption of liability in a contract.

**WHEREFORE**, Illinois Union respectfully requests this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the CGL Policy;

b. Find and declare that Illinois has no duty to defend or indemnify Southern Pan under the CGL Policy; and

c. Award Illinois Union all costs to prosecute this action, as well as any other relief that is equitable, just, and proper under the circumstances.

### COUNT V – NO COVERAGE UNDER THE PROFESSIONAL SERVICES EXCLUSION

48. Illinois Union incorporates Paragraphs 1 through 30.

49. In the project lawsuit and the arbitration action, the plaintiffs suggest that the collapse of the parking structure was attributable to its design or engineering.

50. In the professional services exclusion, Form CG 22 4307 98, there is no coverage for bodily injury or property damage arising out of professional services by Southern Pan or its employees or others performing on its behalf.

51. Illinois Union accordingly has no duty to defend or indemnify Southern Pan to the extent that the project lawsuit or arbitration action alleges damages arising out of professional services by Southern Pan or others acting on its behalf.

**WHEREFORE**, Illinois Union respectfully requests this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the CGL Policy;

b. Find and declare that Illinois has no duty to defend or indemnify Southern Pan under the CGL Policy; and

c. Award Illinois Union all costs to prosecute this action, as well as any other relief that is equitable, just, and proper under the circumstances.

14467795v1 908623 49210

HINSHAW & CULBERTSON LLP

_____
Glenn S. Banner
Florida Bar No. 620254
gbanner@hinshawlaw.com
50 N. Laura Street, Suite 2200
Jacksonville, FL 32202
Telephone: 904-359-9620
Facsimile: 904-359-9640

Sina Bahadoran
Florida Bar No. 523364
sbahadoran@hinshawlaw.com
9155 South Dadeland Boulevard, Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for Plaintiff